**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| Shirley Blanding as Personal Representative of the Estate of Norman Blanding, | ) ) ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 2:03-3011-12-CWH ) |
| vs. | ) ) |
| Anthony Boatwright and Waste Management of Carolina's, Inc., | ) **ORDER** ) ) |
| Defendants. | ) ) |

This matter is before the Court on the Defendants' Motion for Summary Judgment. Norman Blanding, a truck driver, hit the defendant's garbage truck, which was parked along highway 74 in North Carolina. Norman Blanding died from his injuries on September 30, 2001. On September 19, 2003, the plaintiffs filed this action seeking damages. On April 14, 2006, the defendants filed a motion for summary judgment.

To grant a motion for summary judgment, this Court must find that the documents filed in support thereof establish that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party then must produce specific facts demonstrating a genuine issue of material fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). If the non-moving party cannot

do so, the court must grant the motion.

Although the Court must review the evidence in the light most favorable to the non-moving party, that party is required to do more than simply show that there is some metaphysical doubt as to the material facts. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-moving party must present specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e) (emphasis added). Moreover, [t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The plaintiffs have met their burden of showing a genuine issue of material fact. The plaintiffs set forth affidavits in which they contend that Norman Blanding was not negligent because the defendant's garbage truck was parked in the right lane of the highway and the sun impaired Norman Blanding's vision. These genuine issues of material fact preclude summary judgment for the defendants. Therefore the defendants' motion for summary judgment is denied.

**AND IT IS SO ORDERED.**

_____
**C . WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 3, 2006
Charleston, South Carolina